## Mary E. Miller, Administratrix, Appellee, v. John W. Duntley, Appellant.

### Gen. No. 17,859.

1. CONTRACTS, § 12*—*mutuality*. A contract signed by both parties whereby one party is to pay a certain sum by a day named and the other to release from any claims upon payment of such sum, *held* mutually obligatory.

2. RELEASE, § 4*—*consideration*. An agreement to release from a claim is sufficient consideration for a promise to pay a certain sum.

3. CONTRACTS, § 2*—*executory contracts*. A contract whereby one party agrees upon the payment of a certain sum to release the other from any claim against him is not wholly executory when signed by both parties and delivered.

4. DAMAGES, § 88*—*when provision is for forfeiture*. Provision in a contract that if one party should fail to pay a certain amount in full by a certain day he shall forfeit and lose payments which have been made, *held* a provision for a forfeiture and not for liquidated damages.

BROWN, J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. ISADORE H. HIMES, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913. Rehearing denied October 27, 1913.

STEERE, WILLIAMS & STEERE, for appellant; GEORGE S. STEERE, of counsel.

HARLAN & MCCANDLESS, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

December 9, 1899, appellant Duntley and S. F. Miller, plaintiff's intestate, executed the following instrument in writing:

"Chicago, Illinois, December 9th, 1899. I hereby acknowledge receipt for $1,500.00 received this date from J. W. Duntley, which is in part payment on $10,000.00 worth of stock in the Chicago Pneu-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

matic Tool Company, which J. W. Duntley promised me.

I hereby agree to allow him until August 1st, 1900, to pay the balance of $8,500.00, and if the said J. W. Duntley should fail to pay the full amount by August 1st, 1900, he will forfeit and lose payments which have been made.

And upon payment of this full amount I release him from any promise or claim whatsoever between the said J. W. Duntley and myself.

S. F. MILLER,<br>
J. W. DUNTLEY."

On this instrument Miller made the following indorsement: "Received March 6th, 1900, 1500 on acct., and this agreement is extended to Nov. 1900." Duntley paid Miller in addition to the sums mentioned in the receipt, Jan. 15, 1900, $1,000; Oct. 9, 1900, $1,000; March 23, 1901, $600; June 13, 1901, $250; a total of $5,850. Plaintiff had judgment for $6,216.33, the difference ($4,150) between the moneys so paid by Duntley and $10,000 and $2,066.33 interest, and defendant appealed.

We think that the contract of the parties, as expressed in the writing signed by them, was that Miller was to receive from Duntley $10,000 worth of stock which Duntley had promised him, or, in lieu thereof, $8,500 in money in addition to the $1,500 paid when the writing was executed. This was, we think, the construction given by the parties to the writing. Duntley paid Miller $1,000 January 15, 1900, and $1,000 March 6, 1900, when the indorsement, "this agreement is extended to Nov. 1900" was made. This indorsement meant that the time of payment of the $8,500 was extended from August 1 to November, 1900. There is in the writing no express promise by Duntley to pay Miller $8,500, but from Miller's express agreement to allow Duntley, "until August 1st, 1900, to pay the balance of $8,500," and the signing of the writing by Duntley, there arises by implication a promise by Duntley to pay that sum on or before the

date specified. Both parties signed the paper; and, if a contract is created, it is a mutual contract. Both are liable or neither. We think that the contract was mutually obligatory on the parties—on Duntley to pay $8,500 by August 1, 1900, and on Miller to accept said sum and release Duntley from "any promise or claim whatsoever between said J. W. Duntley and myself." By entering into the contract Miller agreed, on the payment of the balance of $8,500, to release Duntley from any claim against or promise by him. The contract in suit cannot, therefore, be regarded as wholly executory when it was signed and delivered. By the act of signing Miller agreed, on the terms therein mentioned, to release Duntley from a claim or promise of some kind. This constituted a sufficient consideration for the promise, by implication, by Duntley to pay Miller the balance of $8,500. Miller died May 20, 1902.

The contention that the judgment should be reversed on the ground of variance is without merit. The contention that the judgment must be reversed on the ground that, by the terms of the contract, the damages were liquidated and limited to the amount shown to have been paid by Duntley is also, we think, without merit. We think the provision that if Duntley should "fail to pay the full amount by August 1st, 1900, he will forfeit and lose payments which have been made," is a provision for a forfeiture and not a stipulation for liquidated damages.

It follows from what has been said that in our opinion the contract is not within the statute of limitations. The case is not free from difficulty, but in the opinion of the majority of the court the judgment is right and it is affirmed.

*Judgment affirmed.*

MR. JUSTICE BROWN dissenting.